IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00697-BNB
 **(The above civil action number must appear on all future papers
 sent to the court in this action.  Failure to include this number
 may result in a delay in the consideration of your claims.**)

JOSE RIOJAS,

      Applicant,

v.

WARDEN OF STERLING FACILITY MR. FALK, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

      Applicant, Jose Riojas, is a prisoner in the custody of the Colorado Department of Corrections at the correctional facility in Sterling, Colorado.  Mr. Riojas has submitted to the Court *pro se* a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 3) and an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1).

      The Court must construe the application liberally because Mr. Riojas is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Riojas will be ordered to file an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

The application Mr. Riojas submitted to the Court on March 6, 2014, fails to assert any claims.

The Federal Rules of Civil Procedure apply to applications for habeas corpus relief.  *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987).  Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Furthermore, pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts (Section 2254 Rules), Mr. Riojas must "specify all [available] grounds for relief" and he must "state the facts supporting each ground."  The Court notes that these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  Naked allegations of constitutional violations are not cognizable under § 2254.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  Therefore, the amended application Mr. Riojas will be directed to file must allege in a clear and concise manner both the § 2254 claims he seeks to raise and the specific facts to support each asserted claim.

Finally, the only proper respondent to a habeas corpus action is the applicant's

2

custodian.  *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Section 2254 Rules; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995).

Accordingly, it is

ORDERED that **within thirty (30) days from the date of this order** Applicant, Jose  Riojas, file an amended application that complies with this order.  It is

FURTHER ORDERED that Mr. Riojas shall obtain the Court-approved form for filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and shall use that form in submitting the amended application.  It is

FURTHER ORDERED that if Mr. Riojas fails within the time allowed to file an amended application as directed, the action will be dismissed without further notice.

DATED March 10, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

3