IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00697-BNB

JOSE RIOJAS,

    Applicant,

v.

[JAMES] FALK, Warden of Sterling Fac., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Jose Riojas, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Sterling, Colorado. On March 6, 2014, Mr. Riojas filed *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1). ECF No. 1 is an example of the convention the Court will use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). The Court will use this convention throughout this order.

On April 10, 2014, after being ordered to do so, Mr. Riojas filed *pro se* an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 9). He is challenging the validity of his conviction in Adams County, Colorado, district court Case No. 01CR02810. Mr. Riojas has paid the $5.00 filing fee (ECF No. 8).

On April 14, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 10) directing Respondents to file a pre-answer response limited to addressing the

affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  On April 28, 2014 Respondents submitted their pre-answer response (ECF No. 14).  Mr. Riojas did not submit a reply to the pre-answer response, although he was afforded the opportunity to do so.

The Court must construe Mr. Riojas' filings liberally because he is not represented by an attorney.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a pro se litigant.  See Hall, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

Following a jury trial, Mr. Riojas was convicted on June 12, 2002, in Adams County District Court Case No. 01CR02810 on charges of sexual assault through actual application of physical force or physical violence, a class-three felony, and on August 28, 2001, sentenced to thirty-two years to life imprisonment.  ECF No. 14, ex. C (appellant's opening brief in People v. Riojas, No. 09CA1049 (Colo. Ct. App. Dec. 16, 2010) (unpublished)) at 8.  His conviction was affirmed on direct appeal.  ECF No. 14, ex. A (People v. Riojas, No. 02CA2037 (Colo. Ct. App. Sept. 16, 2004) (not published)).  On January 31, 2005, the Colorado Supreme Court denied certiorari review.  ECF No. 14, ex. B.  Mr. Riojas did not petition for certiorari review to the United States Supreme Court.

On June 2, 2005, Mr. Riojas filed a postconviction motion for sentence reconsideration pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure, which the trial court denied on June 20, 2005.  ECF No. 14, ex. C at 9, ex. I (state court register) at 3.  Mr. Riojas did not appeal from the denial.

On January 30, 2006, Mr. Riojas filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure, which the trial court summarily denied on April 13, 2009.  ECF No. 14, ex. C at 9, ex. I at 3.  On December 16, 2010, the Colorado Court of Appeals affirmed in part, reversed in part regarding Mr. Riojas' claim that defense counsel had failed to advise him regarding a plea offer, and remanded for an evidentiary hearing regarding the plea offer claim and for correction of the mittimus.  ECF No. 14, ex. D (*People v. Riojas*, No. 09CA1049 (Colo. Ct. App. Dec. 16, 2010) (unpublished)) at 10.  Neither party petitioned for certiorari review.

After an evidentiary hearing held on March 2, 2012, the trial court again denied the Colo. R. Crim. P. 35(c) motion, concluding that trial counsel had advised Mr. Riojas adequately concerning a plea offer.  ECF No. 14, ex. E (appellant's opening brief) at 7-10, ex. F (*People v. Riojas*, No. 12CA0761 (Colo. Ct. App. Aug. 23, 2012) (unpublished)) at 3-4, ex I at 1.  On August 23, 2012, the Colorado Court of Appeals affirmed.  ECF No. 14, ex. F.  On March 11, 2013, the Colorado Supreme Court denied certiorari review.  ECF No. 14, ex. H.

On March 6, 2014, Mr. Riojas filed his original habeas corpus application (ECF No. 1) in this Court.  On April 10, 2014, he filed an amended application (ECF No. 9).

In the amended habeas corpus application, Mr. Riojas asserts six claims as follows:

> 1.  "Defense counsel failed to hold a competency examination hearing before trial or as a defense."  ECF No. 9 at 5.
>
> 2.  "Defense counsel failed to investigation [sic] of evidence and testimony."  *Id.* at 6.

    3 "Defense counsel failed to explain the prosecution[']s discovery packet of law and evidence." *Id.* at 6.

    4. "Defense counsel failed to investigate and present known exculpatory evidence to the jury." *Id.* at 7.

    5 "Counsel failed to present and [sic] mitigating facts, evidence, or circumstances at sentencing hearing." *Id.*

    6. "Defendant's counsel failed to properly advise the defendant of his right to testify." *Id.*

    7. "Defense counsel failed to properly advise the defendant of the prosecution's plea bargain." *Id.* at 8.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

>
> diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Riojas' criminal case became final. Here, the Colorado Supreme Court denied certiorari review in Mr. Riojas's direct appeal of his criminal conviction on January 31, 2005. Mr. Riojas did not seek a writ of certiorari from the United States Supreme Court. As a result, his conviction became final ninety days later, on Sunday, May 1, 2005, although the one-year limitation was continued until the next business day, or Monday, May 2, 2005, when the time in which he could have petitioned for review in the United States Supreme Court expired. *See* Sup. Ct. R. 13(1); *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). The one-year limitation period for purposes of § 2244(d) began to run on May 2, 2005, the date that direct appeal concluded. *See Holland v. Florida*, 560 U.S. 631, 635 (2010).

The Court next must determine whether Mr. Riojas's state court postconviction motions tolled the one-year limitation period. Pursuant to § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. The issue of whether a postconviction motion is pending is a matter of federal law. *Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use

of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitation period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

The one-year period of limitation ran for **31 days** from May 2, 2005, when the time expired for seeking review in the United States Supreme Court, to June 2, 2005, when Mr. Riojas filed his postconviction motion pursuant to Colo. R. Crim. P. 35(b). The limitation period began running again on August 4, 2005, when the forty-five days expired to appeal the trial court's denial of June 20, 2005, *see* Colo. App. R. 4(b) (2011) (subsequently amended and adopted December 14, 2011, effective July 1, 2012, to allow forty-nine days for appeal), and ran for **179 days** until January 30, 2006, when Mr. Riojas filed his Colo. R. Crim. P. 35(c) postconviction motion.

The limitation period was tolled from January 30, 2006, until March 11, 2013, when the Colorado Supreme Court denied certiorari review of the denial of Mr. Riojas' Colo. R. Crim. P. 35(c) motion after remand for an evidentiary hearing regarding the plea offer claim. The limitation period then ran for **360 days** from March 11, 2013, to March 6, 2014, when Mr. Riojas filed his original habeas corpus application pursuant to § 2254 (ECF No. 1) in this Court. Therefore, the one-year limitation period expired **570 days** (**31 + 179 + 360 = 570 days**) before Mr. Riojas filed his original § 2254 application.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled

for equitable reasons.  *Holland*, 560 U.S. at 649.  Generally, equitable tolling is appropriate if the applicant shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  A showing of excusable neglect is not sufficient to justify equitable tolling.  *See Gibson*, 232 F.3d at 808.  Furthermore, in order to demonstrate he pursued his claims diligently, the habeas corpus applicant must "allege with specificity 'the steps he took to diligently pursue his federal claims.'"  *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).  Mr. Riojas bears the burden of demonstrating that equitable tolling is appropriate in this action.  *See id.*

Equitable tolling also may be appropriate if the applicant actually is innocent. *See Gibson*, 232 F.3d at 808.  An actual innocence argument "is premised on the same fundamental miscarriage of justice exception that was discussed by the Supreme Court" in *Schlup v. Delo*, 513 U.S. 298 (1995), and *Coleman v. Thompson*, 501 U.S. 722 (1991).  Therefore, in the rare and extraordinary case in which a habeas applicant can demonstrate equitable tolling is appropriate on actual innocence grounds, the applicant is not required to demonstrate he diligently pursued the actual innocence claim.  *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (2013); *Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010).

A credible showing of actual innocence provides a gateway to consideration of an otherwise untimely claim of constitutional error as an equitable exception to the one-year limitation period in § 2244(d).  *McQuiggin*, 133 S. Ct. at 1928.  However, "tenable

7

actual-innocence gateway pleas are rare." *Id.*  To be credible, a claim of actual innocence requires an applicant "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see McQuiggin*, 133 S. Ct. at 1935 (applying actual innocence test in *Schlup* to one-year limitation period in § 2244(d)).  The applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  *Schlup*, 513 U.S. at 327; *see also McQuiggin*, 133 S. Ct. at 1928, 1935.  Furthermore, untimeliness "bear[s] on the credibility of evidence proffered to show actual innocence."  *McQuiggin*, 133 S. Ct. at 1936.  Thus, "a federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown."  *Id.* at 1928.

Mr. Riojas fails to present any reasoned argument that the one-year limitation period should be tolled for equitable reasons.  Therefore, the Court finds no basis for equitable tolling in this action.  The action is barred by the one-year limitation period.  Because the Court has determined that the entire action is time-barred, the Court need not address Respondents' alternative arguments regarding exhaustion of state court remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369

U.S. 438 (1962).  If Mr. Riojas files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended habeas corpus application (ECF No. 9) is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  4th  day of    August    , 2014.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court